I respectfully dissent from the majority decision to deny defendants' Motion for Reconsideration, and in light of the allegations presented therein, I also dissent from the majority's decision in its Amended Opinion and Award to afford the opinions of Dr. Grubb regarding plaintiff's permanent partial disability rating greater weight than those of Dr. Gwinn.
The evidence shows that subsequent to plaintiff's injury of 3 July 1993, he presented to Dr. Gwinn who had been treating plaintiff for back problems since an earlier injury in 1991. In 1991 Dr. Gwinn had diagnosed plaintiff with degenerative disk disease based on the results of an MRI. He gave plaintiff a 3% permanent partial disability rating and released him to return to work with lifting restrictions of fifty pounds.
After plaintiff's 1993 injury, Dr. Gwinn ordered another MRI to compare with the one from 1991. Finding no significant differences in plaintiff's condition, he again gave plaintiff a rating of 3% permanent partial disability to his back.
After plaintiff's 1995 injury he refused to return to Dr. Gwinn and instead presented to Dr. Grubb. Without reviewing any of plaintiff's prior medical history, Dr. Grubb gave plaintiff a 30% permanent partial disability rating for the 1993 incident. Not only is this rating excessive under the Industrial Commission Guidelines, there is no medically sound reason for giving Dr. Grubb's opinion in this regard greater weight than that of Dr. Gwinn, the physician who treated plaintiff at that time.
Further, Dr. Grubb gave plaintiff an additional 10% disability for the 1995 injury. Upon subsequent review by Dr. Gwinn of Dr. Grubb's records, Dr. Gwinn found that again there was no significant change in plaintiff's condition between 1991 and 1995. Accordingly, it was Dr. Gwinn's opinion that plaintiff's permanent partial disability rating should have remained at 3%. As Dr. Gwinn was plaintiff's treating physician throughout his history of back injuries, and there is evidence that he used the Industrial Commission Guidelines in arriving at the rating he gave plaintiff (evidence which is lacking in Dr. Grubb's testimony), I would give Dr. Gwinn's opinion regarding plaintiff's disability rating greater weight than that of Dr. Grubb.
For these reasons, I would vote to allow defendants' Motion for Reconsideration on the issue of plaintiff's disability rating, and give greater weight to the opinion of Dr. Gwinn in that regard.
This the ___ day of January, 1999.
 S/_________________________ DIANNE C. SELLERS COMMISSIONER